Filed 12/16/22  P. v. Alvarado CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B317626 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA495872) |
| v. | |
| ARTURO ALVARADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  David R. Fields, Judge.  Affirmed.

Olivia Rose Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Arturo Alvarado appeals the judgment entered following a jury trial in which he was convicted of possession of methamphetamine for sale (Health & Saf. Code,[1] § 11378; count 1) and driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 2). The trial court found the prior strike allegation true and sentenced appellant to an aggregate term of 5 years 4 months in state prison.

Appellant's sole contention on appeal is that the trial court prejudicially erred in failing to instruct the jury on simple possession as a lesser included offense of possession of methamphetamine for sale. Although the trial court erred in failing to give the lesser included offense instruction, we conclude the error was harmless.

## FACTUAL BACKGROUND

On May 16, 2021, around 1:50 p.m., Ayanna Stewart parked the silver 2020 Nissan Rogue SUV she had rented from Enterprise Rent-A-Car in the parking lot of an Office Depot store on South Figueroa Street in Los Angeles. Without locking the car, and leaving the key fob in the center console, Ms. Stewart entered the store. When she returned to the parking lot approximately 20 minutes later, the vehicle was gone. Ms. Stewart called several tow companies, but none had towed the vehicle away. The next day she reported the SUV stolen to Enterprise and filed a stolen vehicle report with the Los Angeles Police Department.

Around 4:00 in the morning on May 28, 2021, Los Angeles Police Officer Justin Freund and his partner were on patrol near the corridor of Grand Avenue between Gage and Florence

---

[1] Undesignated statutory references are to the Penal Code.

2

Avenues.  A large population of unhoused people resides in the area, and it is known for a high concentration of narcotics activity, narcotics sales, and violent crime.  Officer Freund observed the silver Nissan Rogue Ms. Stewart had reported stolen make an unsafe left turn at a high rate of speed as it traveled away from the high crime neighborhood.  When the Nissan turned, its tires audibly "chirped" and two oncoming vehicles slowed down to avoid a collision.

The officers initiated a traffic stop, and Officer Freund ordered the driver, whom he identified as appellant, out of the vehicle.  When he stepped out of the car, appellant was wearing a satchel or fanny pack across his shoulders with the pouch on the front of his chest.  Officer Freund opened the satchel and found two clear plastic bags containing 37.8 grams of methamphetamine as well as $387 in cash.  Appellant was also carrying a narcotics pipe and a rolled-up dollar bill, both of which contained methamphetamine residue.

Officer Freund noticed the vehicle's ignition had been removed or "punched," enabling a person to bypass the ignition and start the engine without a key.  A baseball bat was in the footwell of the front passenger seat.

Appellant was arrested.  He did not display any objective signs of intoxication, nor did he appear to be under the influence of a controlled substance.  During booking, appellant told Officer Freund that he was unemployed and unhoused.

## DISCUSSION

### The Trial Court Erred in Failing to Instruct the Jury on the Lesser Included Offense of Simple Possession, but the Error Was Harmless

#### A. *Applicable legal principles*

" 'In criminal cases, even in the absence of a request, a trial court must instruct on general principles of law relevant to the issues raised by the evidence and necessary for the jury's understanding of the case.' [Citation.] That duty extends to instructions on the defendant's theory of the case, 'including instructions "as to defenses ' "that the defendant is relying on . . . , or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." ' " ' " (*People v. Townsel* (2016) 63 Cal.4th 25, 58; *People v. Wilson* (2021) 11 Cal.5th 259, 295 (*Wilson*); *People v. Martinez* (2010) 47 Cal.4th 911, 953; see *People v. Breverman* (1998) 19 Cal.4th 142, 154 (*Breverman*).)

As our Supreme Court has observed, "The obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given. [Citations.] Just as the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an acquittal when that evidence is sufficient to establish a lesser included offense." (*Breverman*, *supra*, 19 Cal.4th at pp. 154–155.) Thus, "[i]t is error for a trial court not to instruct on a lesser included offense when the evidence raises a question whether all of the elements of the charged offense were present, and the question is

4

substantial enough to merit consideration by the jury." (*People v. Booker* (2011) 51 Cal.4th 141, 181.)

Nevertheless, " '[a]n instruction on a lesser included offense must be given only if there is substantial evidence from which a jury could reasonably conclude that the defendant committed the lesser, uncharged offense, but not the greater, charged offense.' " (*People v. Nelson* (2016) 1 Cal.5th 513, 538; *Wilson, supra*, 11 Cal.5th at p. 295 ["There must be, at a minimum, substantial evidence demonstrating the lesser offense was committed"].) "The 'substantial evidence requirement is not satisfied by " '*any* evidence . . . no matter how weak' " ' " (*Nelson*, at p. 538), and "[s]peculative, minimal, or insubstantial evidence is insufficient to require an instruction on a lesser included offense." (*People v. Simon* (2016) 1 Cal.5th 98, 132; *Wilson*, at p. 298.)

Whether the trial court had a sua sponte duty to instruct on a lesser included offense is subject to our de novo review. (*Wilson, supra*, 11 Cal.5th at p. 295; *People v. Souza* (2012) 54 Cal.4th 90, 113.) A trial court's failure to instruct on a lesser included offense supported by substantial evidence constitutes state law error (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196 (*Gonzalez*)), which requires us to evaluate whether it is " ' "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error" ' " (*id.* at p. 195).

**B.** ***The trial court erred in failing to instruct on the lesser included offense of simple possession***

Simple possession of a controlled substance is a lesser included offense of possession of the same controlled substance for sale. (*People v. Oldham* (2000) 81 Cal.App.4th 1, 16; *People v. Saldana* (1984) 157 Cal.App.3d 443, 456–457.) Thus, if there was

substantial evidence that appellant was guilty of simple possession of methamphetamine but not possession for sale, the trial court erred in failing to instruct on the lesser offense. (*Wilson*, *supra*, 11 Cal.5th at p. 295.)

The Attorney General contends there was no substantial evidence to support a simple-possession instruction. We disagree.

Appellant's defense was that he was a drug addict and possessed the methamphetamine for personal use, not for sale. In addition to the large quantity of unbroken methamphetamine and $387 in cash appellant was carrying in a satchel across his chest, appellant also possessed a narcotics pipe and a rolled-up dollar bill, both of which contained methamphetamine residue, indicating personal use of the drug. No scale, baggies, "burner" cell phones, pager, "pay/owe" ledger, or any other indicia of narcotics sales were found in the vehicle or on appellant's person.

After opining that the circumstances in the prosecution's hypothetical strongly indicated the methamphetamine was possessed for sale, the prosecution's expert admitted on cross-examination that it can be less expensive to purchase methamphetamine in bulk and the absence of sales paraphernalia could indicate personal use. The expert further speculated that it would not be "out of the realm of possibility" that someone could smoke the methamphetamine in the quantity and form it was recovered from appellant, "depending on the size of the pipe." And he conceded that some of the methamphetamine recovered here could fit into the pipe appellant had. The expert also agreed that a methamphetamine addict could build a tolerance to the drug over time, requiring progressively larger doses to obtain the same effect. Finally,

observing that sometimes "bad things can happen" during a drug deal and "even buyers need protection," defense counsel suggested that appellant carried a baseball bat for protection in an area that has seen "a large uptick in violent crimes such as shootings, robberies [and] drug-related crimes," even if he was not selling drugs.

Taken as a whole, the evidence of appellant's possession of the pipe and rolled-up dollar bill with drug residue together with the testimony elicited on cross-examination of the prosecution expert sufficed to warrant instruction on the lesser included offense of simple possession of methamphetamine. The trial court erred in failing to so instruct the jury.

## C. *The error was harmless*

Although the lesser included instruction on simple possession was warranted here, the trial court's error in failing to give it was harmless. A "trial court's failure to instruct on lesser included offenses . . . is subject to harmless error review" under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Gonzalez*, *supra*, 5 Cal.5th at p. 199; see *People v. Hicks* (2017) 4 Cal.5th 203, 215 ["In a noncapital case, the trial court's failure to instruct on *necessarily included* offenses is reviewed for prejudice under the *Watson* standard"]; *Breverman*, *supra*, 19 Cal.4th at pp. 176–178.) Our analysis of prejudice from the failure to instruct on the lesser offenses thus " 'focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration. In making that evaluation, an appellate court may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the

error of which the defendant complains affected the result.' " (*People v. Beltran* (2013) 56 Cal.4th 935, 956, quoting *Breverman, supra,* 19 Cal.4th at p. 177.)

Viewing the record as a whole, we find the evidence of intent to sell to be very strong and the evidence of simple possession extremely weak. Accordingly, we conclude it is not reasonably probable that if given the choice between the greater and lesser offense, the jury would have convicted appellant of simple possession of methamphetamine rather than possession for sale. (*Breverman, supra,* 19 Cal.4th at p. 178.)

Appellant possessed 37.8 grams of unbroken methamphetamine, enough for 74 one-half gram doses of the drug, with a per-dose street value of approximately $1,110. At the time of his arrest, appellant was unemployed and homeless. Yet he was carrying $387 in cash and methamphetamine worth more than $1,000 on his person. Appellant was also driving a stolen vehicle at 4:00 in the morning in an area known for high crime and narcotics activity. Despite his possession of a pipe and rolled-up dollar bill—both containing methamphetamine residue—appellant showed no signs of intoxication and did not appear to be under the influence of any controlled substance.

The prosecution expert agreed that the possession of the pipe and rolled-up bill with methamphetamine residue indicated personal use of the drug. But this did not change the expert's opinion that the possession of such a large quantity of methamphetamine was for sale, because many methamphetamine users are also sellers in order to support their habit. Similarly, the absence of baggies, a scale, "burner" cell phones, a pager, a "pay/owe" ledger, or any other indicia of narcotics sales did not change the expert's opinion. The expert

8

explained that sellers will typically keep such items separate from their narcotics and cash to avoid being caught by police with everything together in one place. Finally, although the expert acknowledged that an addict could develop a tolerance to methamphetamine and might want to buy his drugs "in bulk" so as not to run out, the quantity and unbroken form of the methamphetamine here—the size of a golf ball—strongly indicated possession for sale.

Under the totality of these circumstances, it is not reasonably probable that had the jury been instructed on simple possession it would have found that appellant possessed the methamphetamine for personal use rather than for sale.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


BENKE, J.*

_____

    **\*** Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.